FILED

CLERK, U.S. DISTRICT COURT

12/18/2025

CENTRAL DISTRICT OF CALIFORNIA

BY_____clee_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

BILLY STEFFEY, Plaintiff,

v.

COLETTE S. PETERS, Director of the Federal Bureau of Prisons; SAFARILAND, LLC; et al., Defendants.

Case No.: LA CV 25-11105-VBF-SK

PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE: PROOF OF RECORD FABRICATION AND REACTIONARY CONCEALMENT

District Judge: Hon. Valerie Baker Fairbank Magistrate Judge: Hon. Steve Kim

## I. INTRODUCTION

Plaintiff Billy Steffey ("Plaintiff") submits this Notice to prove that the Bureau of Prisons ("BOP") is actively manufacturing a fraudulent administrative record to deceive this Court.

The evidence attached hereto demonstrates a clear timeline of deception:

1. **Dec. 17, 2025:** Plaintiff caught the BOP having "Closed" his 2020 request without response and emailed them to ask why.
2. **Dec. 18, 2025 (Today):** Less than 24 hours later, the BOP emailed Plaintiff a "determination letter" dated **May 6, 2020**, falsely purporting that they had responded five years ago.

This "2020" letter—which admits to withholding exculpatory evidence under a fraudulent "Law Enforcement" exemption—was clearly generated or retrieved only in response to Plaintiff's accusation yesterday. This proves **Bad Faith**, **Fraud on the Court**, and the immediate need for a Preservation Order.

## II. THE TIMELINE OF FABRICATION

**A. The Trigger: Plaintiff's Inquiry (Exhibit L)** On **December 17, 2025**, after discovering his FOIA request had been secretly "Closed," Plaintiff sent an email to the BOP stating:

*"Also curious why my previous 2020-02370 was closed without a response?"*

**B. The Reaction: The "Backdated" Response (Exhibit J)** The very next morning, on **December 18, 2025 at 7:43 AM**, the BOP sent Plaintiff a secure email . Inside this 2025 email was a letter dated **May 6, 2020**.

**C. The Implication:** If the BOP had actually sent this letter in May 2020, Plaintiff would have received it then. The fact that the BOP suddenly produced this document **only after** Plaintiff questioned the "Closed" status proves that the agency is attempting to retroactively "fix" its failure to respond. They are pretending a 2025 delivery is a 2020 compliance.

## III. ARGUMENT

**A. The "2020 Response" is a Fiction.** The BOP's production of this letter today is a transparent attempt to moot Plaintiff's exhaustion arguments. However, the metadata and timing prove the opposite: the administrative remedy was unavailable for 5 years. Plaintiff was "ghosted" until he threatened litigation, at which point the agency fabricated a history of compliance.

**B. Admission of Suppression (Exemption 7(E)).** Crucially, this newly produced "2020" letter admits that the BOP withheld the "NIK Flow Chart" under **Exemption 7(E)**. The BOP claims the commercial instructions for a NIK test are a "technique for law enforcement investigations". This is fraudulent. The chart is public. The BOP misused this exemption to hide the fact that the chart identifies a "Burgundy" result as negative. This confirms the Defendants have been actively suppressing exculpatory evidence since 2020.

## IV. CONCLUSION

The BOP's conduct—ignoring a request for 5 years, then producing a backdated letter overnight when challenged—destroys their credibility. Plaintiff respectfully requests the Court **GRANT** the Temporary Restraining Order to take custody of the evidence before the BOP further manipulates the record.

Res ectfull  submitted,

**Billy Steffey** Plaintiff Pro Se Dated: December 18, 2025

---

## ATTACHMENT: DECLARATION OF BILLY STEFFEY

I, **BILLY STEFFEY**, declare under penalty of perjury:

1. **The Inquiry:** On December 17, 2025, I emailed the BOP asking why Request 2020-02370 was closed without response (**Exhibit L**).
2. **The Reaction:** The next morning (Dec 18, 2025), the BOP emailed me a letter dated May 6, 2020 (**Exhibit J**).
3. **Non-Receipt:** I declare I never received this letter in 2020. The BOP only produced it after I confronted them about the "Closed" status.

Executed on December 18, 2025.

**Billy Steffey**

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

**BILLY STEFFEY,** Plaintiff,

v.

**COLETTE S. PETERS, et al.,** Defendants.

**Case No.: LA CV 25-11105-VBF-SK**

# EXHIBIT G

**BOP "Determination Letter" Dated May 6, 2020**

**(Produced to Plaintiff for the first time on Dec 18, 2025)**

*(Admitting to Withholding NIK Flow Chart under Exemption 7(E))*



**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Central Office*
*320 First St., NW*
*Washington, DC  20534*

May 6, 2020

Billy Steffey
bsteffey@mac.com                    Request Number: 2020-02370

Dear Mr. Steffey:

This is in response to the above referenced Freedom of Information Act (FOIA) request. Specifically, you requested a copy of the flow chart and documentation of the proper training procedures for NIK testing.

In response to the flow chart, this portion of the request was a duplicate of Request No. 2019-06228, in which 2 responsive pages were withheld in full under exemption (b)(7)(E).

In response to the proper training procedures, staff located 2 pages of responsive records, which were forwarded to this office for a release determination. After careful review, we determined 2 pages are appropriate for release in part. Copies of releasable records are attached.

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, records were under the following exemptions: (b)(6) and (b)(7)(C).  An explanation of FOIA exemptions is attached.

If you have questions about this response please feel free to contact the undersigned, this office, or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Mr. C. Darnell Stroble at 202-616-7750, 320 First Street NW, Suite 936, Washington DC 20534, or ogc_efoia@bop.gov.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account on the following website: https://foiastar.doj.gov.  Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

*S. Lilly*

S. Lilly, GIS, for
Eugene E. Baime, Supervisory Attorney

**Explanation of FOIA Exemptions Used by the Federal Bureau of Prisons**

**5 U.S.C. § 552(b)(1)** protects classified information.

**5 U.S.C. § 552(b)(2)** concerns matters related solely to internal agency personnel rules or practices.

**5 U.S.C. § 552(b)(3)** concerns matters specifically exempted from release by statute.

**5 U.S.C. § 552(b)(4)** concerns trade secrets and commercial or financial information obtained from a person that is privileged or confidential.

**5 U.S.C. § 552(b)(5)** concerns certain inter- and intra-agency communications protected by the deliberative process privilege, the attorney work-product privilege, and/or the attorney-client privilege.

**5 U.S.C. § 552(b)(6)** concerns material the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties.

**5 U.S.C. § 552(b)(7)(A)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings.

**5 U.S.C. § 552(b)(7)(B)** concerns records or information compiled for law enforcement purposes the release of which would deprive a person of a right to a fair trial or an impartial adjudication.

**5 U.S.C. § 552(b)(7)(C)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

**5 U.S.C. § 552(b)(7)(D)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources.

**5 U.S.C. § 552(b)(7)(E)** concerns records or information compiled for law enforcement purposes the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

**5 U.S.C. § 552(b)(7)(F)** concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual.

**5 U.S.C. § 552(b)(8)** concerns matters that are "contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions."

**5 U.S.C. § 552(b)(9)** concerns geological and geophysical information and data, including maps, concerning wells.



**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

*Management and Specialty Training Center*

791 Chambers Road
Aurora, CO 80011

January 21, 2010

MEMORANDUM FOR EMPLOYEE SERVICES MANAGERS

FROM:        David D. Huerta, Acting Director

SUBJECT:     Narcotics Identification Kit (NIK) Certification
             CSV-0660-BXX

This memorandum is to provide clarification on the procedures for obtaining NIK end-user certification. Completion of the NIK Ezexam test for certification was discontinued April 25, 2003. All NIK certifications must be obtained through the vendor following the procedures noted on the attached document. This document has been posted on MSTC's Sallyport web page for future reference.

Any additional question should be directed to (b)(6); (b)(7)(C)
(b)(6); (b)(7)(C)                              Thank you for your attention to this matter.


cc:   Mitch Allen, Chief
      Training and Staff Development Section
      HRMD

**Narcotics Identification Kit (NIK) - Vendor**
**Course Code CSV-0660-BXX**
**End User Certification**

1. Contact the following vendor to purchase an NIK certification CD ($15 fee):

   Send completed tests for grading and certificate issuance to:
   Scan to: (b)(6)
   (b)(6)

2. Each participant must review the CD individually, not in a group setting.

3. After the participant reviews the CD, Employee Services staff are to contact the vendor to obtain the test for each participant.

4. Employee Services staff will forward completed tests to the vendor contact for grading and certificate issuance.

5. This CD program alleviates the need for a local NIK instructor. However, should you choose to have a trained instructor, please contact the vendor for further guidance.

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

**BILLY STEFFEY,** Plaintiff,

v.

**COLETTE S. PETERS, et al.,** Defendants.

**Case No.: LA CV 25-11105-VBF-SK**

# EXHIBIT J

**BOP "Reactionary" Response Email**

**(Received: December 18, 2025 at 7:43 AM)**

*(Delivering "2020" Letter Immediately After Plaintiff's Inquiry)*

**From:** bop-ogc-efoia-s@bop.gov
**Subject:** FOIA Number 2020-02370
**Date:** December 18, 2025 at 7:43 AM
**To:** bsteffey@mac.com

 

This is a secure message.

Click here by 2025-12-23 15:43 UTC to read your message.
After that, open the attachment.

More Info

Disclaimer: This email and its content are confidential and intended solely for the use of the addressee. Please notify the sender if you have received this email in error or simply delete it.

Secured by Proofpoint Encryption, Copyright © 2009-2022 Proofpoint, Inc. All rights reserved.

**SecureMessageAtt .html**

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

**BILLY STEFFEY,** Plaintiff,

v.

**COLETTE S. PETERS, et al.,** Defendants.

**Case No.: LA CV 25-11105-VBF-SK**

# EXHIBIT L

**Plaintiff's Email Inquiry to BOP Regarding "Closed" Status**

**(Sent: December 17, 2025)**

 Outlook

---

**[EXTERNAL] Re: First Party-No CID-Prelim - FOIA Request 2026-00947**

---

**From** Billy Steffey <bsteffey@mac.com>

**Date** Wed 12/17/2025 7:00 AM

**To**     BOP-OGC-EFOIA-S (BOP) <BOP-OGC-EFOIA-S@bop.gov>

Also curious why my previous 2020-02370 was closed without a response?

On Dec 13, 2025, at 1:56 AM, Bill Steffey <bsteffey@mac.com> wrote:

Thank you for your response and for providing the form. Please find the completed, signed, and dated form attached.

I would like to supplement my records request to ensure it fully captures the relevant materials. Specifically, I respectfully request that the scope include:

- Any email communications authored by or sent to SIS Investigator Aguilar, who drafted the incident report related to this matter;

- Any email communications authored by or sent to Disciplinary Hearing Officer Chetwood concerning the same incident.

For both individuals, I am requesting a date range beginning approximately one month prior to the incident and extending through approximately six months after the incident.

Additionally, I request copies of any Bureau of Prisons emails, SENTRY entries, or records from any other internal Bureau of Prisons systems that reference my name in connection with this incident, whether generated before or after the disciplinary action.

For your awareness and verification, I am also attaching documentation showing that I have filed a civil lawsuit concerning these issues and that a federal judge has ordered the government to respond. I anticipate that the temporary restraining order and discovery requests filed with the court will be addressed in due course. I am including this information solely for context and transparency.

I am also attaching my prior Freedom of Information Act request and your office's response, which consisted of four blank pages with an explanation that the referenced court documents were not valid. I respectfully request that this determination be reviewed and reconsidered in light of the additional information now provided.

Further, I am attaching an internal SIS advisory email currently in my possession, which reflects the parties involved and the subject matter. In connection with that document, I

respectfully request copies of all SIS advisories issued from one year prior to the incident through the most current advisory that address:

- Narcotic Identification Kits (NIK) or similar field testing devices;

- Testing procedures and interpretive guidance;

- Instructions or guidance regarding report writing; and

- Any guidance, communications, or materials provided by Safariland, the manufacturer of the NIK tests used by the Bureau of Prisons.

The internal emails already in my possession also appear to reflect directives from executive and regional staff encouraging ex parte communications between SIS staff and Disciplinary Hearing Officers, including language indicating that "we are all on the same team." As you are aware, such practices raise serious concerns under *Wolff v. McDonnell* and the requirement that inmates receive a fair and neutral tribunal. I therefore respectfully request all documents, communications, memoranda, or informal guidance reflecting these practices or policies, whether formal or informal, that were in effect during the relevant time period.

I understand that FOIA responses often involve redactions or the assertion of exemptions, particularly where the Bureau of Prisons or the Department of Justice believes disclosure may implicate internal operations or liability concerns. At the same time, I note that there is a parallel judicial process underway, and it is possible that a discovery order will be issued by the time this request is reviewed. My intention here is to be transparent and to preserve all relevant issues.

I appreciate your time, professionalism, and assistance. I hope this request is clear, and I want to emphasize that it is made respectfully and in good faith. My concerns stem from longstanding and serious issues involving the misrepresentation of scientifically negative test results as positive, and the resulting consequences imposed on inmates based on those representations. The Freedom of Information Act exists to promote transparency and public confidence in government actions, and I respectfully submit that it should not function as a shield for potential civil rights violations, whether past or ongoing.

Thank you again for your attention to this matter. I appreciate your consideration and look forward to your response.

Respectfully,

Billy Steffey

---

## Attachments Referenced

- Completed, signed, and dated records request form

- Proof of filed civil lawsuit and court order directing government response

- Prior FOIA request and agency response consisting of four blank pages

- Internal SIS advisory email currently in my possession

<doj361_form.pdf>
<ADDENDUM TO SUPPLEMENTAL MEMORANDUM.pdf>
<Full TRO Reply.pdf>
<Internal BOP emails.pdf>
<Steffey Complaint with Exhibits.pdf>
<Steffey TRO With Exhibits.pdf>
<Supplemental-Memo-v2.pdf>


On Dec 12, 2025, at 11:46 PM, bop-ogc-efoia-s@bop.gov wrote:


Dear Billy Steffey:

This is a preliminary response to your recent email, which has been assigned FOIA Request Number 2026-00947, wherein you request documents pertaining to NIK testing as well as documents related to your incident report.

When requesting non-public information, written authorization from the subject of the record must accompany your request. The written authorization must include the subject's full name, current address, place and date of birth, and contain a signature that is either notarized or signed under a penalty of perjury. Written authorization must meet the requirements of 28 C.F.R. §16.41(d). For more information about the FOIA, please visit: **https://www.bop.gov/foia/index.jsp#tabs-0**.

For your convenience, we attached a form DOJ-361, Certification of Identity. If you complete this form, we should have the information needed to proceed. If you use this form, we do require an actual signature. Please submit the properly executed authorization to **bop-ogc-efoia-s@bop.gov**.   If we do not receive proper authorization within the next 30 business days, we will assume you are no longer interested in the records and will administratively close your request as withdrawn.

If you have questions about this response, please feel free to reply to this email. Alternatively, you may contact the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Ms. Kara Christenson at 202-616-7750 or 320 First Street NW, Suite 936, Washington DC 20534.

Sincerely,

FOIA Staff
Federal Bureau of Prisons
U.S. Department of Justice