**FILED**

CLERK, U.S. DISTRICT COURT

**12/17/2025**

CENTRAL DISTRICT OF CALIFORNIA

BY _____ clee _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

**BILLY STEFFEY,** Plaintiff,

v.

**COLETTE S. PETERS, Director of the Federal Bureau of Prisons; SAFARILAND, LLC;
et al.,** Defendants.

**Case No.: LA CV 25-11105-VBF-SK**

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER**

**District Judge:** Hon. Valerie Baker Fairbank **Magistrate Judge:** Hon. Steve Kim

## I. INTRODUCTION

Plaintiff Billy Steffey ("Plaintiff") respectfully submits this *Notice of Supplemental Evidence* in
support of his pending *Motion for Temporary Restraining Order* (TRO).

Plaintiff provides the Court with the attached administrative correspondence (**Exhibit G**) to
substantiate his claim of "Irreparable Harm" under *Winter v. NRDC*, 555 U.S. 7 (2008). This
evidence demonstrates that the Bureau of Prisons ("BOP") has (1) confirmed the existence of
relevant evidence at the specific field offices controlled by Defendants, and (2) engaged in a
"constructive denial" of Plaintiff's access to said evidence, thereby necessitating a judicial
preservation order.

## II. SUPPLEMENTAL EVIDENCE (EXHIBIT G)

**Document:** BOP FOIA Acknowledgment Letter (Request No. 2020-02370). **Content:** The BOP
assigned Plaintiff's request to the "complex track" , instituted a "ten additional day" extension ,
and estimated a processing time of "up to nine months". **Location of Evidence:** The BOP
explicitly admitted that the requested documents "must be searched for and collected from a field
office".

## III. ARGUMENT

**A. The "Field Office" Admission Proves Risk of Spoliation.** The BOP's admission that the
records must be collected from a "field office" is critical. This confirms that the *only* copies of
the "Nik Test Logs" and "Certified User Lists" are currently in the physical custody of the prison
facilities (FCI Lompoc/FCI Sheridan) where the Defendants named in the Complaint reside.

Without a TRO, Defendants retain unsupervised access to these local files. The "field office"
designation removes the protection of centralized storage, leaving the evidence vulnerable to
destruction by the very staff members accused of fraud in the Verified Complaint.

**B. Silence Constitutes "Constructive Denial" and Futility.** Although the attached letter (Exhibit G) acknowledges the request and assigns a delay, Plaintiff declares under penalty of perjury that he has received **no further response, production, or communication** from the BOP regarding this request since the acknowledgment was issued.

Under federal law, an agency's failure to comply with statutory time limits constitutes a "constructive denial" of the request. *See* 5 U.S.C. § 552(a)(6)(C)(i). The BOP's multi-year silence proves that administrative channels are futile. Plaintiff cannot "exhaust" a remedy that the agency ignores. Therefore, judicial intervention via a TRO is the *only* remaining mechanism to preserve this evidence before it is purged under standard retention policies.

## IV. CONCLUSION

Plaintiff requests the Court consider **Exhibit G** as proof that the risk of evidence loss is imminent and that administrative remedies have been exhausted through the BOP's constructive denial.

Respectfully submitted,

**Billy Steffey** Plaintiff Pro Se Dated: December 17, 2025



**U.S. Department of Justice**
**Federal Bureau of Prisons**

_Central Office_
_320 First St., NW_
_Washington, DC  20534_

February 18, 2020

Billy Steffey
bsteffey@mac.com

Dear Mr. Steffey:

The Federal Bureau of Prisons (BOP) received your Freedom of Information Act/Privacy Act (FOIA/PA) request. Your request has been assigned a number and forwarded to the processing office noted below. Please make a note of the request number and processing office as you will need to include it in any correspondence or inquiry regarding your request. A copy of the first page of your request is attached to help you more easily keep track of your request.

FOIA/PA Request Number:          2020-02370
Processing Office:                       CO

The time needed to complete our processing of your request depends on the complexity of our records search and the volume and complexity of any records located. Each request is assigned to one of three tracks: simple, complex, or expedited. Due to the large number of FOIA/PA requests received by BOP and the limited resources available to process such requests, BOP handles each request on a first-in, first-out basis in relation to other requests in the same track. Your request was assigned to the complex track and placed in chronological order based on the date of receipt.

We determined unusual circumstances exist as the documents responsive to your request must be searched for and collected from a field office, and/or the documents responsive to your request are expected to be voluminous and will require significant time to review. Because of these unusual circumstances, we are extending the time limit to respond to your request for the ten additional days provided by the statute. Processing complex requests may take up to nine months. Pursuant to 28 C.F.R. § 16.5(b) and (c), you may narrow or modify your request in an effort to reduce the processing time.

Pursuant to 28 C.F.R. § 16.10, in certain circumstances we are required to charge fees for time spent searching for or duplicating responsive documents. If we anticipate your fees will be in excess of $25.00 or the amount you have indicated you are willing to pay, we will notify you of the estimated amount.  At that time, you will have the option to reformulate your request to reduce the fees. If you requested a fee waiver, we will make a decision whether to grant your request after we determine whether fees will be assessed for this request.

If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, please feel free to contact the CO at  or the Federal Bureau of Prisons' (BOP) FOIA Public Liaison, Mr. C. Darnell Stroble at 202-616-7750, 320 First Street NW, Suite 936, Washington DC 20534, or ogc_efoia@bop.gov. You can also check the status of your request on line at http://www.bop.gov/PublicInfo/execute/foia.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information, Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

K. Scarantino, for
Eugene E. Baime, Supervisory Attorney