

FILED

CLERK, U.S. DISTRICT COURT

**12/17/2025**

CENTRAL DISTRICT OF CALIFORNIA

BY_____clee_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION**

**BILLY F. STEFFEY,** Plaintiff,

v.

**COLETTE S. PETERS, et al.,** Defendants.

**Case No.: 2:25-cv-11105-VBF-SK**

**PLAINTIFF'S NOTICE OF LODGING SUPPLEMENTAL EVIDENCE IN OPPOSITION TO SAFARILAND'S MOTION TO DISMISS**

**[FRCP 12(b)(6); Equitable Tolling]**

**Judge:** Hon. Valerie B. Fairbank **Magistrate Judge:** Hon. Steve Kim **Hearing Date:** January 21, 2026

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Billy F. Steffey hereby lodges the attached **Supplemental Declaration** and **Exhibits A–C** in support of his Opposition to Defendant Safariland, LLC's Motion to Dismiss.

This evidence is submitted to rebut Safariland's argument that Plaintiff's claims are time-barred. Specifically, these documents demonstrate:

1. **Active Concealment (Exhibit A):** As of December 2025, the Bureau of Prisons continues to classify the NIK testing protocols and related incident reports as **"non-public information,"** confirming that Plaintiff was legally prevented from accessing the evidence necessary to plead his claims against Safariland earlier.
2. **Diligent Pursuit (Exhibit B):** Plaintiff has been actively requesting the specific "flow charts" and "burgundy" interpretation documents via FOIA since **February 2020**, effectively tolling the statute of limitations under the doctrines of Equitable Tolling and Fraudulent Concealment.

Plaintiff respectfully requests that the Court consider this evidence when ruling on the Statute of Limitations defense.

DATED: December 17, 2025

Respectfully submitted,

**BILLY F. STEFFEY** Plaintiff Pro Se

**From:** **Bill Steffey** bsteffey@mac.com 📎
**Subject:** Re: First Party-No CID-Prelim - FOIA Request 2026-00947
**Date:** December 13, 2025 at 1:56 AM
**To:** bop-ogc-efoia-s@bop.gov



*Thank you for your response and for providing the form. Please find the completed, signed, and dated form attached.*

*I would like to supplement my records request to ensure it fully captures the relevant materials. Specifically, I respectfully request that the scope include:*

- *Any email communications authored by or sent to SIS Investigator Aguilar, who drafted the incident report related to this matter;*

- *Any email communications authored by or sent to Disciplinary Hearing Officer Chetwood concerning the same incident.*

*For both individuals, I am requesting a date range beginning approximately one month prior to the incident and extending through approximately six months after the incident.*

*Additionally, I request copies of any Bureau of Prisons emails, SENTRY entries, or records from any other internal Bureau of Prisons systems that reference my name in connection with this incident, whether generated before or after the disciplinary action.*

*For your awareness and verification, I am also attaching documentation showing that I have filed a civil lawsuit concerning these issues and that a federal judge has ordered the government to respond. I anticipate that the temporary restraining order and discovery requests filed with the court will be addressed in due course. I am including this information solely for context and transparency.*

*I am also attaching my prior Freedom of Information Act request and your office's response, which consisted of four blank pages with an explanation that the referenced court documents were not valid. I respectfully request that this determination be reviewed and reconsidered in light of the additional information now provided.*

*Further, I am attaching an internal SIS advisory email currently in my possession, which reflects the parties involved and the subject matter. In connection with that document, I respectfully request copies of all SIS advisories issued from one year prior to the incident through the most current advisory that address:*

- *Narcotic Identification Kits (NIK) or similar field testing devices;*

- *Testing procedures and interpretive guidance;*

- *Instructions or guidance regarding report writing; and*

- *Any guidance, communications, or materials provided by Safariland, the manufacturer of the NIK tests used by the Bureau of Prisons.*

*The internal emails already in my possession also appear to reflect directives from executive and regional staff encouraging ex parte communications between SIS staff and Disciplinary Hearing Officers, including language indicating that "we are all on the same team." As you are aware, such practices raise serious concerns under Wolff v. McDonnell and the requirement that inmates receive a fair and neutral tribunal. I*

*therefore respectfully request all documents, communications, memoranda, or informal guidance reflecting these practices or policies, whether formal or informal, that were in effect during the relevant time period.*

*I understand that FOIA responses often involve redactions or the assertion of exemptions, particularly where the Bureau of Prisons or the Department of Justice believes disclosure may implicate internal operations or liability concerns. At the same time, I note that there is a parallel judicial process underway, and it is possible that a discovery order will be issued by the time this request is reviewed. My intention here is to be transparent and to preserve all relevant issues.*

*I appreciate your time, professionalism, and assistance. I hope this request is clear, and I want to emphasize that it is made respectfully and in good faith. My concerns stem from longstanding and serious issues involving the misrepresentation of scientifically negative test results as positive, and the resulting consequences imposed on inmates based on those representations. The Freedom of Information Act exists to promote transparency and public confidence in government actions, and I respectfully submit that it should not function as a shield for potential civil rights violations, whether past or ongoing.*

*Thank you again for your attention to this matter. I appreciate your consideration and look forward to your response.*

*Respectfully,*

*Billy Steffey*

---

## Attachments Referenced

- *Completed, signed, and dated records request form*

- *Proof of filed civil lawsuit and court order directing government response*

- *Prior FOIA request and agency response consisting of four blank pages*

- *Internal SIS advisory email currently in my possession*

**U.S Department of Justice**                **Certification of Identity**

FORM APPROVED OMB NO. 1103-0016
EXPIRES 04/30/27

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The primary purpose for the collection of the information on this form is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. The authority by which information is collected on this form is 5 U.S.C. § 552 and 5 U.S.C. § 552a(a), as well as 28 CFR Section 16.41(d). Any information you provide may also be disclosed pursuant to a "routine use" under the Privacy Act of 1974, 5 U.S.C. § 552a, listed in a DOJ System of Records Notice, which may include: JUSTICE/DOJ-004 Freedom of Information Act, Privacy Act, and Mandatory Declassification Review Records (CMS) for the Department of Justice, available at https://www.justice.gov/opcl/doj-systems-records#DOJ. Your disclosure of information to the Department of Justice on this form is voluntary. If you do not complete all or some information fields in this form, however, the Department of Justice may not be able to effectively respond to your request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. § 1001 and/or 5 U.S.C. § 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] Billy F Steffey Jr

Citizenship Status [2] US Citizen          Social Security Number [3]

Current Address 609 Capitol Mall, Unit 713, Sacramento, CA 95814

Date of Birth 04/04/1978          Place of Birth SACRAMENTO, CA

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]          Date 12/13/2025

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

**ADDENDUM TO SUPPLEMENTAL ...**
288 KB

**Full TRO Reply.pdf**

**Internal BOP emails .pdf**

**Steffey Complaint**
with Exhibits.pdf



with Exhibits.pdf

Steffey TRO With
Exhibits.pdf

Supplemental-Memo-
v2.pdf
188 KB

*On Dec 12, 2025, at 11:46 PM, bop-ogc-efoia-s@bop.gov wrote:*

Dear Billy Steffey:

This is a preliminary response to your recent email, which has been assigned FOIA Request
Number 2026-00947, wherein you request documents pertaining to NIK testing as well as
documents related to your incident report.

When requesting non-public information, written authorization from the subject of the record
must accompany your request. The written authorization must include the subject's full
name, current address, place and date of birth, and contain a signature that is either notarized
or signed under a penalty of perjury. Written authorization must meet the requirements of 28
C.F.R. §16.41(d). For more information about the FOIA, please visit:
**https://www.bop.gov/foia/index.jsp#tabs-0**.

For your convenience, we attached a form DOJ-361, Certification of Identity. If you
complete this form, we should have the information needed to proceed. If you use this form,
we do require an actual signature. Please submit the properly executed authorization to **bop-
ogc-efoia-s@bop.gov**.  If we do not receive proper authorization within the next 30 business
days, we will assume you are no longer interested in the records and will administratively
close your request as withdrawn.

If you have questions about this response, please feel free to reply to this email.
Alternatively, you may contact the Federal Bureau of Prisons' (BOP) FOIA Public Liaison,
Ms. Kara Christenson at 202-616-7750 or 320 First Street NW, Suite 936, Washington DC
20534.



**From:** **Billy Steffey** bsteffey@mac.com 🖉
**Subject:** Fwd: FOIA #2020-02370
**Date:** May 21, 2020 at 4:27 AM
**To:** cj Ciaramella cj@reason.com

---

*Begin forwarded message:*

**From:** OGC_EFOIA@BOP.GOV
**Subject:** **FOIA #2020-02370**
**Date:** February 18, 2020 at 11:05:32 AM PST
**To:** bsteffey@mac.com


*Request number 2020-02370*

*See attached acknowledgement of your BOP FOIA request.*

*Best,*

*K. Scarantino*


| | |
|---|---|
| **From:** | Billy Steffey <bsteffey@mac.com> |
| **To:** | <ogc_efoia@bop.gov> |
| **Date:** | 2/16/2020 7:09 PM |
| **Subject:** | FOIA Request |

I am requesting documents pertaining to the BOP process for NIK testing. I want a copy of the flow chart that BOP used to test for "Spice, K2". Specifically I am looking for information regarding NIK Test U. Your SIS officers and lieutenants are all aware that this test cannot detect the substances mentioned above, but you keep doing it. BOP also claims that a burgundy color in Test U is positive for amphetamines when in fact this is not true. Only blue in Test U is positive. I'm looking for documents that discuss the proper testing procedure that BOP uses to test suspected "Spice or K2". Also records of the required training to



**From:** **Bill Steffey** bsteffey@mac.com
**Subject:** Request for information
**Date:** November 22, 2025 at 2:44 AM
**To:** bop-ogc-efoia-s@bop.gov

*Dear FOIA Officer,*

This request is made to develop and support constitutional claims in my pending civil action and related habeas corpus proceedings challenging the reliability of the evidence used for my disciplinary conviction, consistent with due process requirements under Superintendent v. Hill, 472 U.S. 445 (1985).

**I. Documents Pertaining to NIK Test Protocols and Reliability**

1. **All official instructions, flowcharts, user manuals, and training materials** sent by Safariland, LLC (manufacturer of NIK Test Kits) to the Federal Bureau of Prisons (BOP) or any regional/institutional Special Investigative Agent (SIA) or Special Investigative Supervisor (SIS) regarding:

• The use and interpretation of **NIK Test U (Methamphetamine/MDMA Reagent)**, specifically including guidance on the meaning of a **"burgundy"** or **"dark red"** color result.

• Explicit instructions, warnings, or prohibitions against conducting **NIK Tests on paper substrates, inks, or legal mail.**

2. **All official BOP Program Statements, Memoranda, Advisories, or internal emails** issued by the Central Office (CPD/CSB, Intelligence Section) or Western Regional Office (WXR-SIA/SIS) between **January 1, 2015, and the present** concerning:

• The approved testing sequence or "process" for

presumptively identifying **Synthetic Cannabinoids (K2/Spice)** using NIK Tests A, U, or K.

• Guidance regarding the interpretation of NIK Test U as **"positive for Amphetamines"** when the result is **burgundy** and not **dark blue**.

• Policies and procedures for **storage, inventory, and mandatory expiration/shelf-life testing** of NIK Test Kits.

3. **All records of communication (emails, memos, reports, meeting minutes) between BOP staff/officials and Safariland, LLC** between **January 1, 2015, and the present** discussing:

• Reported instances of **false positive results** or **erroneous interpretations** of NIK Test U, particularly instances of a **burgundy** result being interpreted as **positive for Amphetamines**.

• Any requests by the BOP for "interpretive guidance" or training materials related to the **burgundy** color on Test U.

4. **All records establishing the training and certification** of **SIS Technician S. Aguilar** to administer and interpret the results of NIK Test Kits, specifically training relating to NIK Test A and NIK Test U, around the date of the incident **December 5, 2017.**

**II. Documents Pertaining to My Specific Incident (IR 3084272)**

1. **Any and all results or reports of chemical analyses** of the suspected paper substance beyond the initial NIK tests (Test A and Test U) conducted on or about December 5, 2017, including but not limited to any

results from a **forensic crime laboratory (e.g., DEA or DOJ lab confirmation)**.

2. **All emails or memoranda exchanged between DHO W.J. Chetwood and SIS Technician S. Aguilar (or his superiors, including Lt. Johnson, or Regional SIA staff)** regarding Incident Report No. 3084272, its findings, or the recommended/imposed sanctions **prior to the DHO hearing on February 13, 2018.**

I am willing to pay reasonable search and duplication fees associated with this request. Please contact my appointed Federal Public Defender, Elizabeth G. Daily, if clarification or a fee estimate is required.

I request that you process this request as quickly as possible. If any portion of this request is denied, please state the grounds for the denial under the relevant FOIA exemption(s) and provide a description of the withheld materials.

Thank you for your prompt attention to this matter.

Respectfully,

**BILLY STEFFEY**

Reg. No. 68463-097

916-955-6332

229 Dragonfly Circle
Sacramento, CA 95834

